# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1471V
### UNPUBLISHED

NICOLE FORTNEY,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: March 18, 2025

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 27, 2020, Nicole Fortney filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – shoulder injury related to vaccine administration as a result of a Hepatitis A/B vaccine administered to her on June 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 1, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation. ECF No. 48. The parties were unable to resolve damages on their own, however, and on January 29, 2025 (after briefing of the issues by the parties), I issued a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Ruling on Damages finding that Petitioner was entitled to an award of damages in the amount of $82,043.44, representing $75,000.00 for actual pain and suffering and $7,043.44[3] for past unreimbursed expenses. I also found that Petitioner is entitled to a pre-tax award of $4,948.11 for her lost wages. ECF No. 80 at 15. However, it was necessary to adjust the lost wages sum to account for the applicable taxes that would have been deducted from these earnings. *Id.*

On February 21, 2025, the parties filed a Joint Status Report stating that they "agree that $3,869.92 is an appropriate amount for [P]etitioner's lost earnings, taking into account the applicable tax offsets." ECF No. 81. This matter is therefore resolved, and a damages decision may issue.

Based on the record as a whole and arguments of the parties**, I award Petitioner a lump sum payment of $85,913.36, (representing $75,000.00 for actual pain and suffering, $7,043.44 for past unreimbursable expenses, and $3,869.92 for lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] The Damages Ruling contains a typographical error at page 15, stating that Petitioner's awarded past unreimbursed expenses are $7,034.44, however the correct amount is $7,043.44 ($6,900.35 for medical expenses, plus $143.09 for mileage associated with Petitioner's medical care). ECF No. 80 at 13-14.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.